UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGUACU, INC., | No. C-09-0380 RS (EMC) |
| Plaintiff, | |
| v. | **ORDER RE PLAINTIFF'S PROPOSED RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT** |
| ANTONIO CABRERA MANO FILHO, | |
| Defendant. | **(Docket No. 42)** |

Plaintiff has submitted a proposed right to attach order and order for issuance of writ of attachment. Having reviewed the proposed order, the Court hereby rules as follows.

(1) Paragraph 5 of the proposed order shall be modified so that it reads: "Any objection by Defendant to this Order shall be filed with this Court and served on Plaintiff's counsel no later than thirty (30) days after the date on which Defendant (directly or through his Brazilian counsel of record) has **received** notice pursuant to paragraph 3 above."

(2) Paragraph 8 shall be inserted in the proposed order. Paragraph 8 shall read as follows: "At this juncture, the Court is not requiring an undertaking from Plaintiff. If, however, Plaintiff discovers that Defendant has property located within California and seeks to apply the writ of attachment to that property, then, before attachment may occur, Plaintiff must provide an undertaking in the amount of $180,000 (representing approximately ten percent of the attached amount).

///

///

(3) Paragraph 3 of the proposed order (Judicial Council of California form) shall be modified so that it reads: "Plaintiff has a right to attach property of the nonresident defendant named in item 2a in the amount of: **$1,804,802**." The Court has computed this amount as follows.

First, based on Defendant's e-mail of December 2, 2008, *see* Docket No. 26 (Seturam Decl., Ex. 5), it appears that ADM paid 6,483,000 BRL for the Jatai deal. Under the parties' contract, Plaintiff was to be given 4% of the total consideration paid for the "first location." Docket No. 26 (Agreement ¶ 3). 6,483,000 BRL x 4% = **259,320 BRL**.

Second, based on the same e-mail, it appears that ADM paid 54,868,000 BRL for the Limeira deal. It also appears that ADM effectively gave Defendant an additional 25,000,000 BRL for the Limeira deal -- *i.e.*, Defendant owed money to a third party, Banif, and those loans were resolved by ADM paying Banif 25,000,000 BRL for its interest in the Limeira deal. *See* Docket No. 26 (Seturam Decl. ¶¶ 13, 23 & Ex. 5). Plaintiff argues that the Court should also include an additional 22,000,000 -- identified as "Goodwill" in Defendant's e-mail -- as part of the consideration that ADM paid but the Court shall not do so given the approach that Plaintiff took for the Jatai deal.

For the Jatai deal, Plaintiff acknowledged that Defendant's e-mail of December 2, 2008, stated that (1) the purchase price to be received from ADM was 6,483,000 BRL and that (2) the "Goodwill" value was 6,000,000. *See* Docket No. 26 (Seturam Decl., Ex. 5). According to Plaintiff, "it is entirely possible that the value give by [Defendant] for Jatai goodwill is in addition to and not included within the purchase price," Docket No. 43 (Supp. Seturam Decl. ¶ 3), but Plaintiff also admitted that the goodwill value of 6,000,000 BRL could simply be part of the purchase price of 6,483,000 BRL, particularly because the amounts were virtually "identical." Docket No. 43 (Supp. Seturam Decl. ¶ 3). Plaintiff thus opted to take a conservative approach.

This same conservative approach should be applied to the Limeira deal. ADM paid Banif 25,000,000 BRL for its interest in the Limeira deal. The "Goodwill" value of 22,000,000 BRL is virtually identical. Therefore, the Court shall not include the 22,000,000 BRL as part of the total consideration that ADM paid. Plaintiff has not demonstrated a substantial likelihood that the 22,000,000 BRL of additional "Goodwill" should be added to the total consideration to warrant the

2

preliminary relief herein. Thus, the Court concludes that, based on Defendant's e-mail, it appears that ADM paid a total of 79,868,000 BRL (*i.e.*, 54,868,000 BRL + 25,000,000 BRL). Under the parties' contract, Plaintiff was to be given 3.35% of the total consideration paid for the "second location." Docket No. 26 (Agreement ¶ 3). 79,868,000 BRL x 3.35% = **2,675,578 BRL**.

Third, the Court shall include 10% annual interest for the period December 2008 (*i.e.*, the date Defendant admitted owing money to Plaintiff based on the money paid by ADM) through March 2010. The Court shall not include interest beyond that point because it is too speculative as to when service of process (of the summons and complaint) will take place. Although Brazilian counsel has opined that it may still take one to one-and-a-half years to complete service, he has also conceded that "[t]he actual time . . . may vary by virtue of many factors." Docket No. 27 (Turra Decl. ¶ 19).

As calculated above, Plaintiff was owed 259,320 BRL for the Jatai deal and 2,675,578 BRL for the Limeira deal -- a total of 2,934,898 BRL. With a 10% annual interest rate, monthly interest on that total amounts to 24,457 BRL (*i.e.*, (10% x 86,351,000 BRL ) ÷ 12 months). For the period December 2008 through March 2010 -- sixteen months -- the total interest is **391,312 BRL** (*i.e.*, 24,457 BRL x 16 months).

2,934,898 BRL + 391,312 BRL = 3,326,210 BRL. At the exchange rate identified by Plaintiff (*i.e.*, 1 BRL = 0.5426 USD), *see* Docket No. 26 (Seturam Decl. ¶ 18), the Court finds that the appropriate amount for the writ of attachment is **1,804,802** USD (*i.e.*, 3,326,210 x 0.5426).

(4) Paragraph 3 of the proposed order (Judicial Council of California form) shall further be modified so that paragraph 3(b) provides in relevant part as follows: "Any monetary or payment obligations to Defendant Antonio Cabrera Mano Filho by any of the following entities, **to the extent that the property is located within California**." Under California law, a levy on a writ of attachment "can only reach property within California." Rutter Group, Cal. Prac. Guide: Enforcing Judgments & Debts ¶ 4:75. Plaintiff is not barred from relying on this Court's order in seeking writs of attachment from courts in other jurisdictions.

///

///

Within a week of the date of this order, Plaintiff shall re-file a proposed order with the modifications described above.

IT IS SO ORDERED.

Dated: April 2, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

4