*United States District Court*
*For the Northern District of California*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGUACU, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>ANTONIO CABRERA MANO FILHO,<br><br>    Defendant.<br>_____/ | No. C-09-0380 RS (EMC)<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO FILE EX PARTE APPLICATION FOR RECONSIDERATION; AND GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION**<br><br>**(Docket No. 46)** |

    Previously, the Court issued a right to attach order and order for issuance of a writ of attachment in which it specified that Plaintiff should provide an undertaking in the amount of $180,000. Plaintiff has now moved for leave to file a motion for reconsideration of that ruling. Having considered the papers submitted by Plaintiff, the Court hereby **GRANTS** Plaintiff leave to file the motion for reconsideration. In addition, the Court **GRANTS** the motion to reconsider.

## I. DISCUSSION

    Under Civil Local Rule 7-9, a party must seek leave to file a motion for reconsideration. *See* Civ. L.R. 7-9(a). The party seeking leave must establish, *e.g.*, that new material facts have emerged or a change of law has occurred after the time of the order for which reconsideration is sought. *See* Civ. L.R. 7-9(b)(2). Here, Plaintiff has demonstrated that new material facts have emerged since the time of the Court's order. More specifically, after the Court issued its order requiring an undertaking in the amount of $180,000, Plaintiff contacted bond issuers and was advised that, since it "is a new company, it will have to pledge collateral in accessible or liquid form equal to the face

1  amount of the surety bond, in addition to the fee." Seturam Decl. ¶ 2.  Given this standard, Plaintiff
2  represents that "the most that [it] could realistically afford . . . would be a bond in the amount of
3  $15,000." *Id.*

4  Given the emergence of new material facts, the Court grants Plaintiff's request for leave to file a motion for reconsideration.  Turning to the substance of Plaintiff's motion to reconsider, the Court finds it meritorious.  First, as Plaintiff argues, there is state court authority indicating that, in deciding the amount of an undertaking, a court may consider not only the probable loss to the defendant for a wrongful attachment but also the probable validity of the plaintiff's claim.  *See North Hollywood Marble Co. v. Superior Court*, 157 Cal. App. 3d 683, 688-92 (1984).  As the Court has determined in conjunction with its earlier order, Plaintiff's claim here has probable validity.  If the Court were to require an undertaking which Plaintiff cannot afford, then Plaintiff would, in essence, be forced to give up its claim even though it appears to have merit.  Second, the Court notes that California Code of Civil Procedure § 489.220(a) provides that, "[e]xcept as provided in subdivision (b), the amount of an undertaking . . . shall be ten thousand dollars." Cal. Code Civ. Proc. § 489.220(a).  Under subdivision (b), a court must increase the amount of the undertaking to the amount it determines to be the probable recovery for wrongful attachment only "upon objection to the undertaking."  *Id.* § 489.220(b).  Here, there has no objection to the undertaking as the proceedings have been ex parte.

19  The Court therefore grants Plaintiff's motion to reconsider and sets the undertaking to be the amount of $10,000.  Plaintiff shall submit a proposed order with the modifications previously ordered as well as the modification ordered herein within a week of the date of this order.

23  IT IS SO ORDERED.

25  Dated: April 20, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

2