EDWARD P. SANGSTER (State Bar No.121041)
ed.sangster@klgates.com
CLAUDIA A. QUIROZ (State Bar No. 254419)
claudia.quiroz@klgates.com
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.882.8200
Facsimile: 415.882.8220

Attorneys for Defendant ANTONIO CABRERA MANO FILHO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGUAÇU, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO CABRERA MANO FILHO,<br><br>Defendant. | Case No. C 09-0380 RS (EMC)<br><br>**STIPULATION FOR ENTRY OF AMENDED PROTECTIVE ORDER; [PROPOSED] ORDER** |

**STIPULATION FOR ENTRY OF AMENDED PROTECTIVE ORDER; [PROPOSED] ORDER**

Plaintiff Iguaçu, Inc. and Defendant Antonio Cabrera Mano Filho by and through their respective counsel of record, hereby STIPULATE AND AGREE that the Court may enter the Amended Stipulated Protective Order for Litigation Involving Highly Sensitive Confidential Information (the "Protective Order") attached hereto as Exhibit A.  The Protective Order tracks the language of the Northern District of California's Model Stipulated Protective Order for Litigation Involving Highly Sensitive Confidential Information with the exception of paragraph 11—which is consistent with the provisions of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(d) and (e).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


K&L GATES LLP


Dated: February 4, 2011                    By:    /s/ Claudia A. Quiroz
                                                  Edward P. Sangster
                                                  ed.sangster@klgates.com
                                                  Claudia A. Quiroz
                                                  claudia.quiroz@klgates.com
                                                  Attorneys for Defendant ANTONIO
                                                  CABRERA MANO FILHO


                                           SIDEMAN & BANCROFT, LLP


Dated:  February 4, 2011                   By:    /s/ Robert R. Cross
                                                  Robert R. Cross
                                                  rcross@sideman.com
                                                  Attorney for Plaintiff IGUACU, INC.


1
**STIPULATION FOR ENTRY OF AMENDED PROTECTIVE ORDER; [PROPOSED] ORDER**

1

2   **ECF ATTESTATION**

3   I, Claudia A. Quiroz, attest that concurrence in e-filing this **STIPULATION FOR ENTRY**

4   **OF AMENDED PROTECTIVE ORDER; [PROPOSED] ORDER**, has been obtained from

5   signatory Robert R. Cross, in compliance with General Order 45, X.B.

6                                                   K&L GATES LLP

7   Dated:  February 4, 2011            By:   */s/ Claudia A. Quiroz*
                                                Edward P. Sangster
8                                               ed.sangster@klgates.com
                                                Claudia A. Quiroz
9                                               claudia.quiroz@klgates.com
                                                Attorneys for Defendant ANTONIO
10                                              CABRERA MANO FILHO

11

12                               ~~[PROPOSED]~~ ORDER

13

14   IT IS SO ORDERED.

15

16   Dated: February _8_, 2011           By: _____
                                              Honorable
17                                            UNITED STATES MAGISTRATE JUDGE
                                              IT IS SO ORDERED
                                              Judge Edward M. Chen

18

19

20

21

22

23

24

25

26

27

28

2
**STIPULATION FOR ENTRY OF AMENDED PROTECTIVE ORDER; [PROPOSED]
ORDER**



EXHIBIT A

1  EDWARD P. SANGSTER (State Bar No.121041)
2  ed.sangster@klgates.com
   CLAUDIA A. QUIROZ (State Bar No. 254419)
3  claudia.quiroz@klgates.com
   K&L GATES LLP
4  4 Embarcadero Center, Suite 1200
   San Francisco, CA 94111
5  Telephone: 415.882.8200
   Facsimile: 415.882.8220
6
7  Attorneys for Defendant ANTONIO CABRERA MANO FILHO

8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA

10 IGUAÇU, INC.,                          Case No. C 09-0380 RS (EMC)

11              Plaintiff,                **AMENDED STIPULATED PROTECTIVE
                                          ORDER FOR LITIGATION INVOLVING
12        v.                              HIGHLY SENSITIVE CONFIDENTIAL
                                          INFORMATION; ORDER THEREON**
13 ANTONIO CABRERA MANO FILHO,
14
                Defendant.
15

16
17
18
19
20
21
22
23
24
25
26
27
28 SF-231912 v4 0815210-00001

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION**

1    Plaintiff Iguaçu, Inc. ("Plaintiff") and Defendant Antonio Cabrera Mano Filho ("Defendant"

2    or "Mr. Cabrera") hereby stipulate pursuant to Federal Rule of Civil Procedure 26(c), subject to the

3    approval of the Court, to the entry of a protective order in the above-captioned action as follows:

4        1.    PURPOSES AND LIMITATIONS

5        Disclosure and discovery activity in this action are likely to involve production of

6    confidential, proprietary, or private information for which special protection from public

7    disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

8    Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

9    Protective Order. The parties acknowledge that this Order does not confer blanket protections on all

10   disclosures or responses to discovery and that the protection it affords from public disclosure and use

11   extends only to the limited information or items that are entitled to confidential treatment under the

12   applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below,

13   that this Stipulated Protective Order does not entitle them to file confidential information

14   under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards

15   that will be applied when a party seeks permission from the court to file material under seal.

16       2.    DEFINITIONS

17           2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

18   information or items under this Order.

19           2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it

20   is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

21   of Civil Procedure 26(c).

22           2.3    Counsel (without qualifier):  Outside Counsel of Record and House

23   Counsel (as well as their support staff).

24           2.4    Designating Party:  a Party or Non-Party that designates information or

25   items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL." or "HIGHLY

26   CONFIDENTIAL—ATTORNEYS' EYES ONLY."

27           2.5    Disclosure or Discovery Material:  all items or information, regardless

28   of the medium or manner in which it is generated, stored, or maintained (including, among

1

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION**

other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery

2

1  Material from a Producing Party.

2      3.    SCOPE

3      The protections conferred by this Stipulation and Order cover not only Protected Material

4  (as defined above), but also (1) any information copied or extracted from Protected Material;

5  (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

6  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

7  However, the protections conferred by this Stipulation and Order do not cover the following

8  information: (a) any information that is in the public domain at the time of disclosure to a

9  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a

10  result of publication not involving a violation of this Order, including becoming part of the public

11  record through trial or otherwise; and (b) any information known to the Receiving Party prior to

12  the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained

13  the information lawfully and under no obligation of confidentiality to the Designating Party. Any

14  use of Protected Material at trial shall be governed by a separate agreement or order.

15      4.    DURATION

16      Even after final disposition of this litigation, the confidentiality obligations imposed

17  by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

18  order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

19  claims and defenses in this action, with or without prejudice; and (2) final judgment herein

20  after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

21  action, including the time limits for filing any motions or applications for extension of time

22  pursuant to applicable law.

23      5.    DESIGNATING PROTECTED MATERIAL

24      5.1 Exercise of Restraint and Care in Designating Material for Protection.

25      Each Party or Non-Party that designates information or items for protection under this Order

26  must take care to limit any such designation to specific material that qualifies under the appropriate

27  standards.  To the extent it is practical to do so, the Designating Party must designate for protection

28  only those parts of material, documents, items, or oral or written communications that qualify – so

3

1  that other portions of the material, documents, items, or communications for which protection is
2  not warranted are not swept unjustifiably within the ambit of this Order.

3      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to
4  be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily
5  encumber or retard the case development process or to impose unnecessary expenses and
6  burdens on other parties) expose the Designating Party to sanctions.

7      If it comes to a Designating Party's attention that information or items that it designated for
8  protection do not qualify for protection, that Designating Party must promptly notify all
9  other Parties that it is withdrawing the mistaken designation.

10     5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this
11 Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
12 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
13 designated before the material is disclosed or produced.

14     Designation in conformity with this Order requires:

15     (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but
16 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party
17 affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES
18 ONLY" to each page that contains protected material. If only a portion or portions of the material on
19 a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s)
20 (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level
21 of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
22 ATTORNEYS' EYES ONLY").

23         A Party or Non-Party that makes original documents or materials available for
24 inspection need not designate them for protection until after the inspecting Party has indicated which
25 material it would like copied and produced. During the inspection and before the designation, all of
26 the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY
27 CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the
28 documents it wants copied and produced, the Producing Party must determine which documents, or

1   portions thereof, qualify for protection under this Order. Then, before producing the specified

2   documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

3   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") to each page that contains Protected

4   Material. If only a portion or portions of the material on a page qualifies for protection, the

5   Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

6   markings in the margins) and must specify, for each portion, the level of protection being asserted

7   (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

8                     (b) for testimony given in deposition or in other pretrial or trial proceedings,

9   that the Party or non-party offering or sponsoring the testimony identify on the record, before the

10  close of the deposition, hearing, or other proceeding, all protected testimony, and specify any

11  portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

12  ONLY." When it is impractical to identify separately each portion of testimony that is entitled to

13  protection, and when it appears that substantial portions of the testimony may qualify for protection, a

14  Party or a non-party that sponsors, offers, or gives the testimony or exhibits may invoke on the record

15  (before the deposition or proceeding is concluded) a right to have up to twenty-one (21) days from

16  the date of service of the deposition transcript to identify the specific portions of the testimony as to

17  which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL"

18  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the

19  testimony that are appropriately designated for protection within twenty-one (21) days shall be

20  covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at

21  the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall

22  be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

23          Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

24  other proceeding to include Protected Material so that the other parties can ensure that only

25  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

26  (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall

27  not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

28  ATTORNEYS' EYES ONLY."

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION**

1    Transcripts containing Protected Material shall have an obvious legend on the title page that

2    the transcript contains Protected Material, and the title page shall be followed by a list of all pages

3    (including line numbers as appropriate) that have been designated as Protected Material and the level

4    of protection being asserted by the Designating Party. The Designating Party shall inform the court

5    reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day

6    period for designation shall be treated during that period as if it had been designated "HIGHLY

7    CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the

8    expiration of that period, the transcript shall be treated only as actually designated.

9        A Designating Party shall have the right to exclude from attendance during any part of a

10   deposition any person other than those persons identified in Section 7.2 and/or 7.3 upon an objection

11   that the Protected Information and/or Materials subject to testimony is "CONFIDENTIAL" or

12   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," if it is reasonably expected that the

13   testimony during that part of the deposition will disclose such information and/or materials.

14       Notwithstanding anything to the contrary in this Order, any deponent may review the

15   transcript of his own deposition in compliance with the Federal Rules of Civil Procedure.

16           (c) for information produced in some form other than documentary and for any

17   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

18   container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

19   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." If only a portion or portions of the

20   information or item warrant protection, the Producing Party, to the extent practicable, shall identify

21   the protected portion(s), specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY

22   CONFIDENTIAL—ATTORNEYS' EYES ONLY."

23           5.3 Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

24   designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

25   ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to

26   secure protection under this Order for such material. If material is appropriately designated after the

27   material was initially produced, the Receiving Party, on timely notification of the designation, must

28   make reasonable efforts to assure that the material is treated in accordance with the provisions of this

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION**

Order, and must use its best efforts to retrieve any Protected Material from any person not eligible to receive Protected Material under this Order.

If a Receiving Party receives materials that have not been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," but which the Receiving Party has reason to believe are subject to such a designation, the Receiving Party shall notify the Producing Party of its receipt of such materials and inquire as to its proper designation under this Order.  If any person required to produce documents inadvertently produces any Protected Material without marking it with an appropriate legend, the Producing Party may give written notice to the Receiving Party, including appropriately stamped copies of the Protected Material, that the document, thing, or response is deemed Protected Material and should be treated as such in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A

7

Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

8

1   categories of persons and under the conditions described in this Order. When the litigation has been

2   terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

3   DISPOSITION).

4   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure

5   manner that ensures that access is limited to the persons authorized under this Order.

6           7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

7   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

8   information or item designated "CONFIDENTIAL" only to:

9           (a) the Receiving Party's Outside Counsel of Record in this action, as well as

10  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

11  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

12  Bound" that is attached hereto as Exhibit A;

13          (b) the officers, directors, and employees (including House Counsel) of the

14  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

15  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16          (c) Experts (as defined in this Order) of the Receiving Party to whom

17  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

18  Agreement to Be Bound" (Exhibit A);

19          (d) the court and its personnel;

20          (e) court reporters and their staff, professional jury or trial consultants, mock

21  jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and

22  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23          (f) during their depositions, witnesses in the action to whom disclosure is

24  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

25  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

26  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

27  separately bound by the court reporter and may not be disclosed to anyone except as permitted under

28  this Stipulated Protective Order.

1    (g) the author or recipient of a document containing the information or a

2    custodian or other person who otherwise possessed or knew the information.

3        7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4    Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

5    Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

6    CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

7        (a) the Receiving Party's Outside Counsel of Record in this action, as well as

8    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

9    information for this litigation and who have signed the "Acknowledgment and Agreement to Be

10   Bound" that is attached hereto as Exhibit A;

11       (b) Experts (as defined in this Order) of the Receiving Party to whom

12   disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

13   Agreement to Be Bound" (Exhibit A);

14       (c) the court and its personnel;

15       (d) court reporters and their staff, professional jury or trial consultants, mock

16   jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and

17   who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18       7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL

19   –ATTORNEYS' EYES ONLY" Information or Items to "Experts"

20       Unless otherwise ordered by the court or agreed in writing by the Designating

21   Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item

22   that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must first

23   make a written request to the Designating Party that: (1) sets forth the full name of the Expert and the

24   city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3)

25   identifies the Expert's current employer(s), and (4) certifies that the Expert is not, and within the past

26   three years has not, been retained in connection with: (a) any proposed bio-fuel development project

27   in Brazil; (b) any competitor of Archer Daniels Midland for foreign bio-fuel projects; or (c) any

28   competitor of Mr. Cabrera or Grupo Cabrera for bio-fuel projects or sugarcane production and sales.

1   A Party that makes a request and provides the information specified in the

2   preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

3   within fourteen (14) days of delivering the request, the Party receives a written objection from the

4   Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

5   A Party that receives a timely written objection must meet and confer with the

6   Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement

7   within seven (7) days of the written objection.  If no agreement is reached, the Party seeking to make

8   the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance

9   with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so.  Any such

10  motion must describe the circumstances with specificity, set forth in detail the reasons for which the

11  disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would

12  entail and suggest any additional means that might be used to reduce that risk.  In addition, any such

13  motion must be accompanied by a competent declaration in which the movant describes the parties'

14  efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

15  discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve

16  the disclosure.

17  In any such proceeding, the Party opposing disclosure to the Expert shall bear

18  the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

19  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

20  In addition to the foregoing, each Expert to whom any Protected Material will

21  be disclosed shall, prior to disclosure of such material, execute the Certification of Expert/Consultant

22  in the form attached as Exhibit B hereto.  Outside Counsel who makes any disclosure of Protected

23  Materials shall retain each original executed Certification of Consultant and, upon written request,

24  shall circulate copies to all Outside Counsel at the termination of this action.

25  8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

26  OTHER LITIGATION

27

28

11

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION**

1 agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party

2 shall:

3            1. promptly notify in writing the Requesting Party and the Non-Party

4 that some or all of the information requested is subject to a confidentiality agreement with a Non-

5 Party;

6            2. promptly provide the Non-Party with a copy of the Stipulated

7 Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

8 description of the information requested; and

9            3. make the information requested available for inspection by the Non-

10 Party.

11        (c) If the Non-Party fails to object or seek a protective order from this court

12 within 14 days of receiving the notice and accompanying information, the Receiving Party may

13 produce the Non-Party's confidential information responsive to the discovery request. If the Non-

14 Party timely seeks a protective order, the Receiving Party shall not produce any information in its

15 possession or control that is subject to the confidentiality agreement with the Non-Party before a

16 determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden

17 and expense of seeking protection in this court of its Protected Material.

18       10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

19       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

20 Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

21 the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

22 disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

23 inform the person or persons to whom unauthorized disclosures were made of all the terms of this

24 Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be

25 Bound" that is attached hereto as Exhibit A.

26       11.    INADVERTENT OR UNINTENTIONAL DISCLOSURE OF DISCOVERY

27 MATERIALS SUBJECT TO WORK PRODUCT PROTECTION OR PRIVILEGE

28

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION**

1        The production of any documents, information or other materials shall not constitute a waiver

2    of the attorney-client privilege, attorney work product doctrine, or any other legal privilege or

3    immunity if, as soon as reasonably possible after the Producing Party becomes aware of its

4    inadvertent or unintentional disclosure of privileged materials, the Producing Party designates such

5    materials as within the attorney-client privilege, work product immunity or other legal privilege or

6    immunity and requests return of those materials to the Producing Party.  Upon request by the

7    Producing Party, the Receiving Party shall immediately return all copies of such inadvertently

8    produced materials and shall destroy all notes or other work product reflecting the contents of such

9    materials, and shall delete such materials from any litigation-support or other database.   Within five

10    (5) business days of receiving such notification, the Receiving Party shall return or confirm

11    destruction of all such materials, including any summaries thereof.  Such return or confirmation of

12    destruction shall not preclude the Receiving Party from seeking to compel production of the materials

13    for reasons other than the inadvertent production and shall not constitute an admission by the

14    receiving party that the materials were, in fact, privileged in any way.

15        If a Party receives from the other Party any document or information that the Receiving Party

16    reasonably believes is subject to the attorney-client privilege or attorney work product doctrine, the

17    Receiving Party should promptly notify the Producing Party of the potential inadvertent disclosure.

18    Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such

19    inadvertently produced materials and shall destroy all notes or other work product reflecting the

20    contents of such materials, and shall delete such materials from any litigation-support or other

21    database.   Such return or confirmation of destruction shall not preclude the Receiving Party from

22    seeking to compel production of the materials for reasons other than the inadvertent production and

23    shall not constitute an admission by the receiving party that the materials were, in fact, privileged in

24    any way.

25        12.    MISCELLANOUS

26        12.1 Right to Further Relief.   Nothing in this Order abridges the right of any person to

27    seek its modification by the court in the future.

28

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION**

1          12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

2    Order no Party waives any right it otherwise would have to object to disclosing or producing any

3    information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

4    Party waives any right to object on any ground to use in evidence of any of the material covered by

5    this Protective Order.

6          12.3 <u>Filing Protected Material</u>.  Without written permission from the Designating

7    Party or a court order secured after appropriate notice to all interested persons, a Party may not file in

8    the public record in this action any Protected Material. A Party that seeks to file under seal any

9    Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

10   under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

11   Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the

12   Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

13   protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant

14   to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information

15   in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

16         13. <u>FINAL DISPOSITION</u>. Within 60 days after the final disposition of this action, as

17   defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing

18   Party or destroy such material. As used in this subdivision, "all Protected Material" includes all

19   copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the

20   Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

21   submit a written certification to the Producing Party (and, if not the same person or entity, to the

22   Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the

23   Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not

24   retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing

25   any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

26   archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

27   memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

28   consultant and expert work product, even if such materials contain Protected Material. Any such

1   archival copies that contain or constitute Protected Material remain subject to this Protective Order as

2   set forth in Section 4 (DURATION).

3   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5                                                      K&L GATES LLP

6
     Dated: February 4, 2011              By: _____
7
                                               Edward P. Sangster
8                                              ed.sangster@klgates.com
                                               Claudia A. Quiroz
9                                              claudia.quiroz@klgates.com
                                               Attorneys for Defendant ANTONIO
10                                             CABRERA MANO FILHO

11                                                     SIDEMAN & BANCROFT, LLP

12

13
     Dated: February 4, 2011              By: _____
14
                                               Robert R. Cross
15                                             rcross@sideman.com
                                               Attorney for Plaintiff IGUACU, INC.
16

17   PURSUANT TO STIPULATION, IT IS SO ORDERED

18

19

20

21   Dated: February 8, 2011              By: _____
                                               Honor
22                                             UNITE                        TE JUDGE

23                                               Judge Edward M. Chen

24

25

26

27

28

                                              16
     **STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE**
     **CONFIDENTIAL INFORMATION**

## **EXHIBIT A**

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on _____[date] in the case of *Iguaçu, Inc. v.*

*Antonio Cabrera Mano Filho*, Case No. 09-0380 RS (EMC). I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions of

this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____


Signature: _____

17

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE**
**CONFIDENTIAL INFORMATION**

**EXHIBIT B**

**CERTIFICATION OF EXPERT/CONSULTANT**

I, the undersigned, hereby certify that I have read the Protective Order entered in the United States District Court for the Northern District of California, in the case of *Iguaçu Inc. v. Antonio Cabrera Mano Filho*, Northern District of California, San Francisco Division, Case No. C 09-0380 RS (EMC), and that I have executed a copy of Exhibit A—the Acknowledgement And Agreement To Be Bound.

I further certify that I am not, and within the past three years have not been retained in connection with: (1) any proposed bio-fuel development project in Brazil; (2) any competitor of Archer Daniels Midland for foreign bio-fuel projects; or (3) any competitor of Mr. Cabrera or Grupo Cabrera for bio-fuel projects or sugarcane production and sales, nor do I have a current expectation of such engagement, and I will accept no such engagement nor discuss same during the pendency of this action.  If at any time after I execute this Consultant Certification and during the pendency of the Action I become engaged in business in connection with any proposed bio-fuel development project in Brazil, any competitor of Archer Daniels Midland for foreign bio-fuel projects, or any competitor of Mr. Cabrera or Grupo Cabrera for bio-fuel projects or sugarcane production and sales, I will promptly inform the counsel for the party who retained me in the Action, and I will not thereafter review any Protected Materials unless and until the Court in the Action orders otherwise.

I further understand and agree that all Protected Material and work product generated there from must be stored and maintained at a location in a secure manner that ensures that access is limited to the persons authorized under this Order.

Finally, I understand and agree that within ten (10) business days after a request by Outside Counsel for the party for which I have provided services, the termination of my consultancy or the termination of this action, which ever occurs first, I must return and/or destroy all Designated Material in my possession, custody or control to Outside Counsel for the party for which I have provided services.  I further understand and agree that I shall certify my compliance with this requirement and shall deliver such certification to Outside Counsel for the party that I have provided services for no more than ten (10) business days after complying with the aforementioned obligation.

18

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3    Name of Individual: _____

4    Company or Firm: _____

5    Address: _____

6    Telephone No.: _____

7    Relationship to this action and its parties: _____

8    _____

9    _____

10   Dated: _____   Signature: _____

19

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION**