**\*\*E-filed 3/8/12\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IGUAÇU, INC., | No. C 09-0380 RS |
| Plaintiff, | |
| v. | **ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| ANTONIO CABRERA MANO FILHO, | |
| Defendant. | |

Plaintiff Iguaçu, Inc. moves for leave to file a First Amended Complaint.[1] In essence the proposed amendments would, (1) delete allegations relating to projects and transactions that Iguaçu has learned through discovery did not come to fruition such that it would have a claim for commissions on those projects and transactions; (2) "clarify" allegations regarding the transactions that Iguaçu contends constituted a "sale" as defined in the parties' agreement, thereby giving rise to a claim for commissions; (3) add a new claim for relief seeking reformation of the definition of "sale" in the parties' agreement, should reformation prove necessary, and; (4) conform the prayer to

---

[1] Pursuant to Civil Local Rule 7-1(b), the motion has been submitted for decision without oral argument.

the claims as amended, and add a prayer for interest. Defendant Antonio Cabrera Mano Filho ("Cabrera") does not object to the deletion of allegations relating to matters for which Iguaçu is no longer seeking commissions, or to the addition of a prayer for interest. Cabrera contends, however, that Iguaçu should not be permitted at this juncture to expand the scope of its claim for commissions either by alleging its own understanding as to what transactions meet the definition of "sale" or by seeking reformation of that definition.

Under Rule 15 of the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given when justice so requires." Absent any "apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " *Foman v. Davis,* 371 U.S. 178, 182 (1962). Rule 15 thus embraces "the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id.* at 181-82 (quoting *Conley v. Gibson,* 355 U.S. 41, 48 (1957)). In short, the policy permitting amendment is to be applied with "extreme liberality." *Eminence Capital, L.L.C. v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). Factors which merit departure from the usual "[l]iberality in granting a plaintiff leave to amend" include bad faith and futility. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999) Undue delay, standing alone, is insufficient to justify denial of a motion for leave to amend. *Id.* at 758.

Here, Cabrera insists that Iguaçu has unduly delayed in seeking leave to amend, and that its attempts to expand the definition of "sale" in the parties' agreement is futile. Although this case has been pending for an extended period of time, Iguaçu has adequately shown that it acted with appropriate diligence, given the procedural history of this action. Cabrera asserts the amendments are "futile" because Iguaçu's "characterization of the transactions under which it is allegedly entitled to a commission is exceedingly broad and unsupported by the language of the Agreement or the understanding of the parties." While that may be an accurate description of Cabrera's defense to the claims, it falls far short of establishing that Iguaçu's contentions are futile.

"Prejudice is the 'touchstone of the inquiry under rule 15(a),'" and the "party opposing amendment 'bears the burden of showing prejudice.'" *Eminence Capital*, 316 F.3d at 1052

(citations omitted). Because Cabrera has not met his burden to show that allowing the amendment here would result in any undue prejudice to him, the motion must be granted.

IT IS SO ORDERED.

Dated: 3/8/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE