IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IGUAÇU, INC.,

    Plaintiff,

v.

ANTONIO CABRERA MANO FILHO,

    Defendant.
_____/

No. C 09-0380 RS

**ORDER OVERRULING OBJECTION TO DISCOVERY ORDER**

In this breach of contract action, plaintiff Iguaçu, Inc contends it is owed commissions under a written "Finder's Agreement" whereby it allegedly was obligated to, and did, assist defendant Antonio Cabrera Mano Filho ("Cabrera") in locating investors for certain ethanol production projects. One issue is whether there is a drafting error in certain portions of the written agreement. Specifically, Iguaçu argues that the terms used to refer to the respective parties, "You" and "Buyer," were inadvertently transposed in some provisions. Iguaçu contends the error arose from the fact that the document was prepared from an earlier "boilerplate" agreement intended for use in differently-structured transactions, and that when that prior "buyer boilerplate" form was "flipped over" to a "seller boilerplate" form, the need to reverse those references was apparently overlooked.

Iguaçu claims that the parties had a mutual understanding of the meaning of the agreement as executed, notwithstanding the alleged drafting error. Nevertheless, Iguaçu previously sought and was granted leave to amend its complaint to include an alternative claim for reformation, should it prove necessary.

In light of this issue and Iguaçu's assertion of the reformation claim, Cabrera sought document production and deposition testimony from the attorneys who represented Iguaçu in connection with the negotiations leading to the formation of the agreement. The magistrate judge to whom discovery disputes have been referred ruled that communications between Iguaçu and those attorneys have "not been placed in issue and that no waiver of attorney-client privilege or attorney work product has occurred." The magistrate judge conditioned the denial of further discovery into the matter, however, on Iguaçu complying with its representation that "it will not ask the attorneys to testify at trial, will not seek to introduce any previously unproduced documents withheld as privileged (or attorney work product) and will not offer any testimony by Iguaçu witnesses referring to alleged drafting errors by the attorneys." Cabrera now seeks review of this non-dispositive ruling.

A district court may modify a magistrate judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). Here, Cabrera contends the discovery it seeks is not protected by the work-product doctrine, that attorney-client privilege has been waived, and that the magistrate judge erred in concluding otherwise. The proper construction of the agreement, of course, does not turn on any undisclosed intent that may have been held by Iguaçu and known to its attorneys. Iguaçu's argument that the terms "Seller" and "You" have been transposed flows from the face of the agreement itself and from non-attorney testimony as to the circumstances under which the document was prepared. The magistrate judge's order effectively precludes Iguaçu from blaming its attorneys at trial or referring to any role they may have had in preparation of the document. Whether Iguaçu will be able to meet its burden to establish grounds for reformation absent evidence from its attorneys involved in the preparation of the document is a separate question. Under these circumstances, though, Iguaçu is not impermissibly using its claim

1  of privilege both as a "sword" and a "shield." As such, Cabrera has not shown the magistrate
2  judge's ruling to be clearly erroneous or contrary to law, and the objection is overruled.

5  IT IS SO ORDERED.

8  Dated: 12/10/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE