IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IGUAÇU, INC., | No. C 09-0380 RS |
| Plaintiff, | |
| v. | **ORDER RE MOTIONS *IN LIMINE*** |
| ANTONIO CABRERA MANO FILHO, | |
| Defendant. | |

The parties' motions *in limine* having been briefed and argued, the following rulings will enter.

1. Plaintiff's motion to exclude testimony of Jim Timmins or other evidence of custom and practice inconsistent with the Finder's Agreement

The parties are in agreement that Timmins will not testify on the issue of whether, "the activities . . . of Iguaçu went beyond what is customary and appropriate for a finder," as that issue is moot in light of the ruling on partial summary judgment. The motion is otherwise denied. While evidence of custom and practice cannot be used to support a construction that is contrary to any unambiguous terms of the Finder's Agreement, there is no basis to preclude categorically such evidence in advance of trial.

2. <u>Plaintiff's motion to exclude evidence and argument re commission agreements with Facioli</u>

The motion is denied insofar as any evidence bearing on whether the introductions between ADM and Cabrera were in fact made or facilitated by someone other than plaintiff is relevant. Testimony regarding claims by Facioli for a fee from Cabrera will not otherwise be permitted absent an additional foundational showing of relevance.

3. <u>Plaintiff's motion to exclude testimony of Paulo De Tarso re interpretation of Finder's Agreement</u>

While there is no apparent basis on which De Tarso could properly offer evidence or opinions going to interpretation of the Finder's Agreement, defendant has disclaimed any intent to offer such testimony, notwithstanding the contents of his witness list disclosures. The motion is therefore denied without prejudice to any objections that may be offered at trial.

4. <u>Defendant's motion to exclude evidence of alleged drafting errors by plaintiff's attorneys</u>

The motion is granted insofar as plaintiff and its witnesses may not assert or argue drafting errors were made by counsel. Plaintiff is not precluded, however, from offering evidence from its principals as to the circumstances under which the Finder's Agreement was formed. Plaintiff's argument that the terms "Seller" and "You" have been transposed is premised on the face of the agreement itself and from such non-attorney testimony.

Whether Iguaçu will be able to meet its burden to establish grounds for reformation absent evidence from its attorneys involved in the preparation of the document is a separate question. Under these circumstances, though, plaintiff is not impermissibly using its claim of privilege both as a "sword" and a "shield."

5. <u>Defendant's motion to exclude "inadmissible character evidence"</u>

Defendant moved to exclude references to alleged labor violations, as reflected in Trial Exhibit 219, or in any other evidence or argument. In response, plaintiff argues that the entire report

prepared by BSR, of which Exhibit 219 is an excerpt, is admissible "to establish that ADM found Cabrera's participation in the joint venture woefully lacking."

If, and only if, issues related to the proposed "buy out" by ADM of Cabrera's interests are presented to the jury, then some *limited* background information regarding why a buyout is being pursued may be relevant. Otherwise, any information regarding how well the relationship between Cabrera and ADM worked or did not work over time is irrelevant to the issues of whether plaintiff became entitled to commissions upon the consummation of various transactions. References to alleged labor violations, in particular, also carry a potential of prejudice that outweighs *any* arguable probative value under F.R.E. 403. Accordingly, the motion is granted.

6. <u>Defendant's motion to exclude testimony of Charles Sterck</u>

Defendant's motion to exclude testimony of Charles Sterck is denied. The challenges defendant raises go to the weight of Sterck's testimony, not its admissibility. This ruling is without prejudice to objections at trial. Plaintiff has conceded that Sterck will *not* be testifying as to those opinions identified in his report as "Summary #2–Findings that require additional information or clarification," and it will be held to that concession.

7. <u>Defendant's motion to exclude evidence of unaccepted offers to prove value</u>

Defendant moves to exclude any and all evidence relating to unaccepted offers by him to sell his interests in business entities to ADM, or ADM's unaccepted offers to buy his interests. Plaintiff expressly states that it does not oppose this motion. The motion is granted.

IT IS SO ORDERED.

Dated: 9/17/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

3