IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IGUAÇU, INC., | No. C 09-0380 RS |
| Plaintiff, | |
| v. | **ORDER RE *QUANTUM MERUIT* CLAIM** |
| ANTONIO CABRERA MANO FILHO, | |
| Defendant. | |

Plaintiff's request to include a claim for recovery in *quantum meruit*, effectively an informal motion under Rule 15 of the Federal Rules of Civil Procedure for leave to amend its complaint, is denied. Notwithstanding the liberal policy favoring amendments, the prejudice to defendant at this stage of the proceedings is palpable, significant, and not curable. No discovery or preparation of expert testimony has taken place regarding what would be a difficult task, rife with potential disputes, of assigning a dollar value to represent the "reasonable value" of plaintiff's alleged services, in the event the contractual claim fails.

Plaintiff argues that its pleading of an unjust enrichment affirmative defense to a counter claim was sufficient to implicate these issues. That argument is unpersuasive. Proving "unjust enrichment" would not require any quantification of the value of the alleged services. Thus,

defendant had no occasion to respond to the pleading of that affirmative defense by conducting the types of discovery that would have been reasonably necessary to defend against a *quantum meruit* claim.  While plaintiff may be correct that recovery in *quantum meruit* is theoretically available upon the failure of a contract claim in most instances, that does not excuse it from its obligation to plead the claim and give defendant notice that it was seeking such recovery in the alternative. Plaintiff's request on the eve of trial, not even presented as a motion, comes too late.[1]

IT IS SO ORDERED.

Dated:  9/18/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] Notably, even plaintiff's proposed special verdict form does not provide for a *quantum meruit* claim.