CONSTANCE J. YU (State Bar No. 182704)
E-Mail:     *cyu@sideman.com*
ELLEN P. LIU (State Bar No. 280459)
E-Mail:     *eliu@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3629
Telephone:  (415) 392-1960
Facsimile:  (415) 392-0827

ROBERT R. CROSS (State Bar No. 56814)
FITZGERALD ABBOTT & BEARDSLEY LLP
1221 Broadway, 21st Floor
Oakland, CA  94612
Telephone:  (510) 451-3300
Facsimile:  (510) 451-1527
Email:      *rcross@fablaw.com*

Attorneys for Plaintiff
IGUAÇU, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IGUAÇU, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANTONIO CABRERA MANO FILHO, <br><br> Defendant. | Case No. C 09-0380 RS (NMC) <br><br> **PLAINTIFF IGUAÇU, INC.'S MEMORANDUM IN SUPPORT OF REVISED VERDICT FORM** <br><br> Trial Date: September 23, 2013 <br> Time:       8:30 a.m. <br> Ctrm.:      3, 17th Floor <br> Judge:      Honorable Richard Seeborg |

In accordance with the Court's Order of September 18, 2013 (Dkt. #319), Plaintiff Iguaçu Inc. ("Iguaçu ") submits this Memorandum in support of its revised verdict form submitted herewith (copy attached as Exhibit A).  The revised verdict form requires the jury to make findings on whether Iguaçu will be entitled to commissions (and the commission rate) in the event of future "buyout" or sugar cane purchase transactions between Archer Daniels Midland ("ADM") and Cabrera, which Iguaçu contends are commissionable pursuant to the Finder's Agreement between the parties.  Iguaçu believes that it has a right to have all such proposed verdict questions

answered by the jury and that the jury's determinations will be binding when the Court adjudicates the declaratory relief claims.

The Declaratory Judgment Act [28 U.S.C. §§ 2201-2202] preserves the right to jury trial on Iguaçu's entitlement to damages based on such future transactions.  As stated in *Manneh v. Iverness Med. Innovations, Inc.*, 2011 WL 662765 (S.D. Cal. 2011):

> 28 U.S.C. § 2201 provides, "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has held that the Declaratory Judgment Act, "while allowing prospective defendants to sue to establish their nonliability, specifically preserves the right to jury trial for both parties." *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 504, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). "Declaratory relief claims may be equitable or legal ... [and] their disposition by the court or jury, as the case may be, depends upon the setting in which the issues are framed." *Pacific Indem. Co. v. McDonald,* 107 F.2d 446, 448 (9th Cir.1939). "If the issues are raised in an action at law the right to a jury trial obtains (sic) and if raised in an action in equity it may be determined by the court without a jury, or the court may call to its aid a jury whose verdict is advisory." *Id.; see also Patterson v. Insurance Co. of North America,* 6 Cal.App.3d 310, 315, 85 Cal.Rptr. 665 (1970) (holding that where a declaratory relief claim "is in effect used as a substitute for an action at law for breach of contract, a party is entitled to a jury trial as a matter of right.").

In short, Iguaçu (and Cabrera) are each entitled to have the jury make factual findings on Iguaçu's entitlement to both present and future damages – except in the event that the Court, after hearing all the evidence, determines that the Finder's Agreement is, as a matter of law, unenforceable as written, and further determines that it cannot be reformed.[1]

The proposed special verdict "empower[s] the judge to play a more prominent role by applying the law to the jury's findings of facts." *Floyd v. Laws*, 929 F.2d 1390, 1395 (9th Cir. 1991).  However, "[A] trial court cannot ignore the jury's factual findings in an attempt to reconcile the ultimate legal conclusions; to the contrary, legal conclusions should be conformed to the factual findings, if at all possible." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1038 (9th Cir. 2003).

---

[1] Cabrera appears to agree that the issues of contract breach and damages must be decided by the jury absent unenforceability and non-reformation determinations by the Court.  See Cabrera's Trial Brief, at 7-8 (Dkt. #325).

The availability of declaratory relief as a procedure for dealing with presently undetermined future damages was addressed in Iguaçu's "Memorandum [] Re: Declaratory Relief," filed September 17, 2013 (Dkt. #317), and is well summarized in *Am. Commerce Ins. Co. v. Harris*, 2009 WL 3233738 (E.D. OK 2009):

> [A] party who obtains declaratory relief under Section 2202 may seek appropriate additional relief arising therefrom, see 28 U.S.C. § 2202 ("Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."), even if he did not initially demand any additional relief.  See *Gant v. Grand Lodge of Texas*, 12 F.3d 998, 1003 (10th Cir.1993), cert. denied, 511 U.S. 1083, 114 S.Ct. 1834, 128 L.Ed.2d 462 (1994) (" '[Section 2202] authorizes the court to grant relief that was not demanded or relief that was not even proved in the original declaratory judgment action.' "), quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure, § 2771, at 766–67 (2d ed.1983). See also Fed.R.Civ.P. 54(c) ("Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). Such additional relief may include monetary damages. See, e.g., *Hudson v. Hardy*, 424 F.2d 854, 855 (D.C.Cir.1970) ("[M]oney damages may, of course, be awarded in an action for declaratory judgment."), citing 28 U.S.C. § 2202; see also *Security Insurance Company of New Haven v. White*, 236 F.2d 215, 220 (10th Cir.1956) ("It is not the primary function of the court in a declaratory judgment proceeding to award damages. But the grant of power contained in section [2202] of the act is broad enough to vest the court with jurisdiction to award damages where it is necessary or proper to effectuate relief based upon the declaratory judgment rendered in the proceeding.")
> (2009 WL 3233738 at *2)

Cabrera has raised the possibility that his right to trial by jury might be infringed if, in the future, a dispute arises as to the amount of consideration actually paid on the transactions in question. That concern is speculative and premature.  In *American Commerce,* the court held that "awarding damages to American Commerce at this stage would not deprive Harris of any right to a jury trial.  A jury has determined as a factual matter that Harris breached the insurance contract . . . and the Court must now determine the legal effect of that breach . . . ." (*Id.* at *2).  The court further acknowledged that although a ***genuine*** dispute of fact about the amount of damages might require a second jury trial, the situation was otherwise like that in any case where the grant of summary judgment would preclude jury trial.  Thus, "[s]imply put, there is nothing left here for a jury to decide, so Harris is not entitled to any further jury trial." (*Id.*).

If the jury returns findings in Iguaçu's favor as to commissions on future transactions, the only question for future resolution will be the amount of any consideration paid by ADM in such

transaction(s), which may well be established by undisputed evidence.  The proposed verdict form will greatly assist the Court in dealing with such issues should they arise in the future.

DATED: September 20, 2013     Respectfully submitted,

SIDEMAN & BANCROFT LLP

By:     /s/ Constance J. Yu
        Constance J. Yu
        Attorneys for Plaintiff
        IGUAÇU, INC.

DATED: September 20, 2013     FITZGERALD ABBOTT & BEARDSLEY LLP

By:     /s/ *Robert R. Cross*
        Robert R. Cross
        Attorneys for Plaintiff
        IGUAÇU, INC.

6620-1\1871363v1