**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IGUAÇU, INC.,

        Plaintiff,

v.

ANTONIO CABRERA MANO FILHO,

        Defendant.
_____/

No. C 09-0380 RS

**ORDER RE CLAIMS TRIED TO THE COURT, DENYING DEFENDANT'S MOTIONS, AND DIRECTING SUBMISSION OF PROPOSED JUDGMENT**

1. <u>Declaratory Relief</u>

At the outset of trial, plaintiff took the position that the jury's findings relating to plaintiff's claim for a commission on any "buyout" by ADM of defendant's interests would be binding on the Court when it decides the declaratory relief claim. (Dkt. No. 331)  In light of the jury's response to question 8 of the special verdict, defendant is therefore entitled to judgment in his favor on plaintiff's claim for declaratory relief.  Furthermore, even if the jury's finding is not binding, having heard the evidence at trial, the Court finds and concludes that the Finder's Agreement does not include provisions giving plaintiff a right to receive a commission on any sums defendant might receive from ADM in connection with a "buyout" of his options.  Finally, as an independent basis for entry of judgment against plaintiff on the declaratory relief claim, the Court finds and concludes

that plaintiff failed to present evidence of a sufficiently concrete and certain existing controversy to support declaratory relief. While there is an existing controversy between defendant and ADM being arbitrated in Brazil, it is extremely unclear if or when defendant will ever receive monies from ADM as a result of that arbitration, and how any such monies might be properly characterized should they ever be awarded. Thus, even if the Finder's Agreement entitled plaintiff to a commission on any "buyout," plaintiff has not shown that the Brazilian arbitration has resulted in, or will result in, a "buyout." *See Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945) ("The declaratory judgment procedure . . . may not be made the medium for securing an advisory opinion in a controversy which has not arisen."); *see also*, *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985) ("Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties.")

2. Reformation

In light of the jury's findings, plaintiffs' conditional and alternative claim for reformation is moot, and is denied on that basis.

3. Motions for judgment

In light of the jury's findings, defendant's motions made at the conclusion of evidence are moot and are denied on that basis.

4. Rule 19

Defendant's motion to dismiss for failure to join an indispensible party is denied. The viability of defendant's motion turns on its contention that plaintiff and Facioli Consultoria Ltda. are co-obligees as to his alleged obligation to pay commissions in connection with the ADM transactions. It is undisputed, however, that plaintiff and Facioli each had entirely separate contracts with defendant, that do not reference each other and that were entered into at separate times and under separate circumstances. Plaintiff and Facioli have each been pursuing their own claims under

those two separate contracts.  While defendant conceivably will be required to pay commissions under both contracts in connection with the same underlying ADM transactions, nothing in these circumstances would support finding plaintiff and Facioli to be co-obligees.

    5. Entry of judgment

Pursuant to Rule 58(b)(2), the form of judgment is to be approved and judgment entered promptly upon return of a special verdict.  Plaintiff shall prepare and submit a proposed judgment conforming to the verdict and this order.

IT IS SO ORDERED.

Dated: 10/4/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE