IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IGUAÇU, INC., | No. C 09-0380 RS |
|         Plaintiff, | |
|   v. | **ORDER GRANTING MOTION FOR ASSIGNMENT ORDER** |
| ANTONIO CABRERA MANO FILHO, | |
|         Defendant. | |

The parties were previously ordered to meet and confer as to the form of a proposed assignment order, and to submit separate proposals under explanatory cover in the event they could not reach agreement. The parties submitted their proposals and letters containing substantive argument, via email directly to the Court's law clerk. To ensure the record is complete, the correspondence will be efiled in conjunction with this order. The remaining points of controversy between the parties are only the degree of specificity required in identifying the third party entities from whom payments might come, and whether the order should apply only to monies due and payable in this District.

Plaintiff has adequately shown that there is no requirement that the order provide a greater degree of specificity than it has proposed as to the identity of the third parties. Plaintiff is also correct that the order need not be limited to monies payable in this district. Plaintiff's proposed form of order, however, is arguably ambiguous as to whether it would apply even to monies due and

payable outside the United States, as long as the payors were "located or subject to jurisdiction" in the U.S. Such an order would be overbroad, as plaintiff has not shown the relevant consideration is the location of the payor, or its amenability to U.S. jurisdiction, as opposed to the location of the property itself. Plaintiff has offered no authority, for example, that an obligation due and payable in Brazil could properly be made subject of an assignment order merely because the payor was a U.S.-based entity, or even more attenuated, a Brazilian entity "subject to jurisdiction" here. That said, it appears self-evident that a payment issued in the United States is property within the permissible jurisdictional purview of an assignment order, even if the payment instrument is then transmitted overseas.

Accordingly, while plaintiff's motion for an assignment order is hereby granted, the language shall reflect elements of both parties' proposals:

> Plaintiff Iguaçu, Inc. ("Iguaçu") is hereby assigned all or any part of a right to payment, whether or not the right is conditioned on future developments, due or to become due to Defendant Antonio Cabrera Mano Filo ("Cabrera"), directly or indirectly from Archer Daniels Midland Company ("ADM"), including, without limitation, subsidiaries, affiliates or entities controlled by ADM to the extent such payments are due, payable, or issued in the United States. This assignment shall not apply to rights to payment in excess of the amount of Iguaçu's Amended Judgment against Cabrera which totals $1,359,509.98 through August 24, 2014.

IT IS SO ORDERED.

Dated: 9/25/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

2